IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ALONZO D. DABNEY,

    Plaintiff,

v.                                    Civil Action No. 1:03CV193

WARDEN BLEDSOE,;
WARDEN AL HAYNES;
GORGE BUIGGE, UNICOR;
ASSISTANT WARDEN, JEFF BULLARD;
BONITA REDMAN-LYNCH, Unicor Head Supervisor;
and HEIKKINEN GORTZ, Safety Manager,

    Defendants.

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 9, 2003, the pro se petitioner, Alonzo D. Dabney ("Dabney"), filed a prisoner civil rights action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that hazardous working conditions at the Federal Correctional Institution at Morgantown, West Virginia ("FCI-Morgantown"), likely caused a heart attack he suffered while incarcerated there. (Doc. No. 1.) Specifically, Dabney alleges that, while working for UNICOR at FCI-Morgantown on February 6, 2002, he was exposed, without adequate ventilation or other necessary safety precautions, to chemicals not usually found on the work site, and that strong fumes from those chemicals triggered his heart attack. Further, he contends, such exposure was the result

**Dabney v. Bledsoe, et. al.**  1:03cv193

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S R&R

of the named defendants' deliberate indifference to his health and safety in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

On September 10, 2003, the Court referred the case to United States Magistrate Judge John S. Kaull for initial review pursuant to LR PL P83. On July 30, 2004, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Dabney's complaint be dismissed with prejudice for failure to state a cognizable claim. (Doc. No. 9.) On August 11, 2004, Dabney filed objections to the R&R. (Doc. No. 10.) Accordingly, the case is ripe for review and, for the reasons that follow, the Court **AFFIRMS** the Magistrate Judge's recommendations, and **DISMISSES WITH PREJUDICE** Dabney's complaint.

### I. Facts

On February 6, 2002, Dabney was working pursuant to his assigned work detail at a UNICOR warehouse facility at FCI-Morgantown. According to Dabney's complaint, on that day he and other inmates were exposed to fumes from chemicals purchased at a local store and not usually present on the premises. As such, no materials safety sheets were available for the chemicals. Moreover, he reports that work area ventilation fans were

inoperable, the facility's windows were screwed shut, and no emergency phones or chemical alarms were present on the work site. Finally, both the inside and outside sets of doors to the facility were locked closed.

During his work detail, Dabney complained of chest congestion and was escorted to Health Services at FCI-Morgantown. Health Services subsequently referred Dabney to a private hospital where a coronary evaluation revealed that Dabney had suffered a myocardial infarction. Dabney was released from the hospital on February 11, 2002, and returned to FCI-Morgantown where his condition continued to be closely monitored.

## II. Petitioner's Claims

In his complaint, Dabney asserts that his "[m]edical problems were exacerbated" by his exposure to the chemical compounds present in the unventilated, "locked down" UNICOR warehouse facility on February 6, 2002. He contends that the prison's failure to maintain safe working conditions, failure to properly supervise his work detail, and failure to follow known safety procedures constitutes not just deliberate indifference to his well being, but cruel and unusual punishment in violation of the Eighth Amendment. He seeks compensatory damages for pain and suffering and future damages for continued medical monitoring and treatment.

**Dabney v. Bledsoe, et. al.**                                    1:03cv193

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S R&R

### III. Magistrate Judge's Report and Recommendations

In his R&R, Magistrate Judge Kaull interpreted Dabney's complaint as giving rise to both FTCA claims for money damages and Bivens claims for alleged constitutional violations. He recommended that Danbey's FTCA claims be dismissed with prejudice for failure to state a claim because Dabney asserts that his heart attack occurred on the job and was caused by work related conditions. Thus, pursuant to 18 U.S.C. § 4126 and Supreme Court case law, the Inmate Accident Compensation system is the exclusive remedy available to him for his work related injuries, and bars redress for such injuries under the FTCA. United States v. Demko, 385 U.S. 149, 152 (1966).

By contrast, 18 U.S.C. § 4126 "does not preclude Bivens suits against prison officials." Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996)(quoting Bagola v. Kindt, 39 F.3d 779, 780 (7th Cir. 1994)). Moreover, the Supreme Court's holding in Bivens, that a cause of action may arise against federal actors in their individual capacities when they violate an individual's Fourth Amendment rights, 403 U.S. 388, has been extended to rights protected by the Eighth Amendment. Carlson v. Green, 446 U.S. 14 (1980). Accordingly, Magistrate Judge Kaull proceeded to evaluate Dabney's claims that the named defendants were deliberately

indifferent to his health and safety, thereby subjecting him to cruel and unusual punishment.

Dabney's complaint names six defendants: three administrative officers of FCI-Morgantown – Warden Bledsoe, Warden Haynes, Assistant Warden Bullard; and three UNICOR personnel – Gorge Buigge ("Buigge"), Bonita Redman-Lynch ("Redman-Lynch"), Unicor Head Supervisor, and Heikkinen Gortz ("Gortz"), Safety Manager. With regard to the FCI-Morgantown defendants, Magistrate Judge Kaull found no indication that Warden Bledsoe, Warden Haynes, or Assistant Warden Bullard had any involvement in obtaining the chemicals complained of, or directing their use in any way. Moreover, no possible construction of the allegations in Dabney's complaint could give rise to claims of supervisory liability against those defendants pursuant to the analytical framework outlined in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)(outlining the three elements necessary to establish supervisory liability in a 42 U.S.C. § 1983 analogue to a Bivens action). Thus, Magistrate Judge Kaull recommended the dismissal of Dabney's Bivens actions against defendants Bledsoe, Haynes and Bullard for failure to state a claim.

Magistrate Judge Kaull also recommended the dismissal of Dabney's Bivens claims against the UNICOR defendants – Buigge,

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S R&R

Redman-Lynch, and Gortz - for failure to state a claim. The Magistrate Judge found that instead of making allegations against the specific defendants in their personal capacities as required under <u>Bivens</u>, Dabney made a conclusory allegation that he was subjected to cruel, unusual punishment when he was exposed to the complained of chemicals at the UNICOR warehouse facility. Accordingly, the Magistrate Judge concluded, since Dabney made no specific allegations that the named defendants knew of the alleged risks the newly introduced chemicals would have, and further, disregarded those risks, no claim for deliberate indifference can lie against them.

### IV. Petitioner's Objections

In his objections to the Magistrate Judge's R&R, Dabney seeks a *de novo* review of the recommended dismissal of his complaint under both <u>Bivens</u> and the FTCA. Moreover, he cites sections of Title 28 of the Code of Federal Regulations as being applicable to the case. He asserts that these three sources of federal law and the undisputed facts of the case give rise to cognizable claims that the Court should not dismiss.[1]

---

[1] Throughout his objections, Dabney argues that summary judgment is not appropriate in this case. However, whether summary judgment is appropriate is not the issue before the Court. Rather, the Court must determine whether, as the Magistrate Judge recommends, Dabney has failed to allege sufficient facts

**Dabney v. Bledsoe, et. al.**                              1:03cv193

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S R&R

Dabney makes specific objections with regard to the recommended dismissal of his Bivens claims. While the majority of his arguments focus on the merits of his claims, he refers to the "defendants listed" and argues that "[t]hey had to know that the chemicals were present." Like his complaint, Dabney's objections fail to mention any defendant by name, and fail to allege any direct link between either the FCI-Morgantown defendants or the UNICOR defendants and his complained of exposure to chemicals at the UNICOR warehouse on February 6, 2002.

### V. Discussion

**a. Dabney's FTCA Claims:**

Dabney asserts that 28 C.F.R. § 301.102(a) applies to this case. That provision defines "work-related" injuries under the Inmate Accident Compensation system and provides:

> For purposes of this part, the term work-related injury shall be defined to include any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment.

There is no dispute that the alleged cause of Dabney's heart attack – that is, his exposure to certain chemicals in the UNICOR warehouse facility on February 6, 2002 – occurred while he was on

---

in his complaint to give rise to a cognizable cause of action against the named defendants under either the FTCA or Bivens.

his assigned work detail, and, if proven, would constitute a work-related injury per definition. Moreover, as the Magistrate Judge correctly outlined in his R&R, the Inmate Accident Compensation system, 18 U.S.C. § 4126, is the exclusive remedy for inmates seeking redress for work-related injuries suffered during their incarceration. Demko, 385 U.S. at 152. Accordingly, Dabney must comply with the strictures of that system when seeking damages for his alleged work-related injury. The Court, therefore, **AFFIRMS** Magistrate Judge Kaull's R&R and **DISMISSES WITH PREJUDICE** Dabney's FTCA claims.

**b. Dabney's Bivens Claims:**

"In a Bivens suit, there is no respondeat superior liability. Instead, liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)(internal citations omitted). As the Magistrate Judge outlined, however, a supervisor may be held liable in a 42 U.S.C. § 1983 action for a subordinate's wrongdoing if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and

>    (3) there was an 'affirmative causal link' between the
>    supervisor's inaction and the particular constitutional
>    injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted)(cert. denied, 513 U.S. 813 (1994)).

To establish a "pervasive and unreasonable risk" of harm under the first prong of the three-prong test for supervisory liability, a plaintiff must provide evidence that the alleged wrongdoing "is widespread, or at least has been used on several different occasions . . . ." Id. (citing Slakan v. Porter, 737 F.2d 368, 373-74 (4th Cir. 1984)).

### i. FCI-Morgantown Defendants:

In this case, Dabney does not allege, and it is not reasonable to infer that any of the FCI-Morgantown defendants – Warden Bledsoe, Warden Haynes, or Assistant Warden Bullard – were personally involved in the acquisition or use of the complained of chemicals in the UNICOR warehouse on February 6, 2002. Moreover, Dabney's complaint clearly alleges that the chemicals he claims triggered his heart attack were not normally on the premises, and that it was his acute exposure to those chemicals on February 6, 2002, that caused his work-related injury. Accordingly, no basis for personal liability or supervisory liability against the FCI-Morgantown defendants exists under Bivens and the Court's liberal

construction of Dabney's complaint. The Court, therefore, **AFFIRMS** Magistrate Judge Kaull's recommendation as to the FCI-Morgantown defendants, and **DISMISSES WITH PREJUDICE** Dabney's Bivens actions against Warden Bledsoe, Warden Haynes, and Assistant Warden Bullard.

**ii. UNICOR Defendants:**

Similarly, Dabney's complaint and subsequent objections to the Magistrate Judge's R&R fail to allege facts sufficient to give rise to a cause of action under Bivens against the named UNICOR defendants. In his R&R, Magistrate Judge Kaull clearly outlined that Bivens actions against federal actors for alleged constitutional violations lie against those actors in their personal capacities. Moreover, it was because Dabney "made a conclusory allegation without setting forth how each of the defendants were involved in subjecting him to cruel and unusual punishment" that the Magistrate Judge recommended the dismissal of Dabney's Bivens claims against the UNICOR defendants. Despite this clear outline of the particularity required to properly plead a Bivens action and how his claims failed to satisfy that requirement, Dabney's subsequent objections to the R&R did not cure the shortcomings in his complaint.

<u>**Dabney v. Bledsoe, et. al.**</u>                          1:03cv193
**ORDER AFFIRMING
THE MAGISTRATE JUDGE'S R&R**

Like his complaint, Dabney's objections ask the Court to infer from the facts alleged that the named defendants acted with deliberate indifference to his health and safety. Again, however, beyond his conclusory allegations, Dabney makes no specific claim against defendants Buigge, Redman-Lynch, and Gortz. Rather, he simply contends that "officials" were deliberately indifferent to his health and safety because on February 6, 2002, chemicals not normally found on the premises were purchased from an outside store and placed where Dabney would be exposed to them. No contention is made that any of the named UNICOR defendants were personally responsible for the alleged purchase and placement of the chemicals, and again, the facts alleged do not support a claim for supervisory liability against the UNICOR defendants. Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation as to the those defendants, and **DISMISSES WITH PREJUDICE** Dabney's <u>Bivens</u> actions against Buigge, Redman-Lynch, and Gortz.

For the reasons above, the Court **AFFIRMS** Magistrate Judge Kaull's Report and Recommendation and **DISMISSES WITH PREJUDICE** Dabney's complaint.

**Dabney v. Bledsoe, et. al.**                                           1:03cv193

**ORDER AFFIRMING**
**THE MAGISTRATE JUDGE'S R&R**

The Clerk is directed to transmit copies of this Order to the counsel of record, the *pro se* plaintiff by United States mail, and all appropriate agencies.

DATED: May 17, 2006.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE